IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AARTI PATEL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 6:23-CV-00676-ADA-JCM |
| § | |
| IVAN M DROZD, § | |
| § | |
| Defendants. § | |
| § | |

REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff Aarti Patel's Motion for Summary Judgment (ECF No. 9) and Defendant The United States of America's Motion for Summary Judgment (ECF No. 10). For the reasons described below, the Court **RECOMMENDS** that both motions be **GRANTED**.

### I.    BACKGROUND

Defendant Ivan M. Drozd defaulted on a Deed of Trust assigned to MidFirst Bank. Def.'s Mot., Ex. 2. Pursuant to the Deed of Trust, Plaintiff Aarti Patel, as Substitute Trustee for Midfirst Bank, conducted a foreclosure sale of Drozd's property located at 825 H K Allen Parkway, Temple, Texas 76502. Notice of Removal (ECF No. 1), Ex. 1 at ¶¶ 1, 10.  The property sold for $258,000.00, generating $68,852.17 in excess funds. *Id.* at ¶ 10.

At the time of the sale, the United States had an existing lien against Drozd's property because the Internal Revenue Service assessed penalties ("Trust Fund Recovery Penalties") against Drozd for his willful failure to collect and pay federal income and Federal Insurance Contribution Act taxes withheld from the wages of Defendant K&D Masonry, Inc.'s employees. Def.'s Mot. at ¶ 2. As of August 2024, Drozd owed the IRS $33,243.16 in Trust Fund Recovery Penalties. *Id.*; Notice of Removal at ¶ 11; Aff. of McGuire ¶ 8. After the foreclosure sale, Patel initiated this interpleader action against Drozd, K&D Masonry, and the United States to determine which party is entitled to the excess funds. *Id.* at ¶¶ 4–6.

Patel moved for summary judgment on June 12, 2024. Pl.'s Mot. The United States timely filed its response in support of Patel's Motion. Def.'s Resp. (ECF No. 11). Defendants Drozd and K&D Masonry did not file a response to Patel's Motion or a motion requesting leave to file an untimely response. Their deadline to respond expired on June 27, 2024. Local R. for W.D. Tex. CV-7(D)(2). Accordingly, Patel's assertions of fact are considered undisputed. Fed. R. Civ. P. 56(e)(2). Since Patel's assertions of fact are undisputed, there is no genuine issue of material fact, and the Court must consider whether Patel is entitled to judgment as a matter of law. *See id.*

On June 20, 2024, the United States moved for summary judgment as to its entitlement to the excess funds. Def.'s Mot. The deadline to respond to the United States's Motion expired on July 5, 2024. Local R. for W.D. Tex. CV-7(D)(2). None of the parties responded to the United States's Motion. Thus, the United States's assertions of fact are considered undisputed, and the only issue for the Court to consider is whether the United States is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(e)(2).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is not genuine if the trier of fact could not, after an examination of the record, find for the nonmoving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 578 (1986). The moving party bears the burden of showing that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). That said, the moving party can satisfy its burden either by producing evidence negating a material fact or pointing out the absence of evidence supporting a material element of the nonmovant's claim. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991). Throughout this analysis, the Court must view the evidence and all factual inferences in a light most favorable to the party opposing summary judgment. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014).

## III. ANALYSIS

In his Motion for Summary Judgment, Patel seeks (1) permission to deposit the excess funds into the Court's registry, (2) discharge of all liability to Defendants, (3) dismissal from this interpleader action, and (4) an award of reasonable attorney's fees. Pl.'s Mot. at ¶¶ 1, 15. The United States agrees that Patel is entitled to all relief sought. Def.'s Resp. at 3. The United States also moves for summary judgment arguing that it is entitled to $33,243.16 of the excess funds. Def.'s Mot. at 5–6.

As an initial matter, the Court notes that federal law applies here because this interpleader action involves the United States. *See Soutullo v. Smith*, 519 F.Supp.3d 365, 373 (N.D. Miss. 2021) (noting that federal law determines the priority of competing federal and state-created liens when the United States is a party to an interpleader action). 28 U.S.C. § 2410(a) provides

that the United States may be named a party in an action of interpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien. Patel initiated this interpleader action in state court and the United States properly removed the action to this Court. Notice of Removal at 1–2; *see* 28 U.S.C. § 1442(a)(1) (any civil action commenced in a state court against the United States, or any agency thereof, may be removed to federal court). Thus, the Court applies federal law here.

### A. Rule 22 Interpleader

An "interpleader suit is an equitable action available to a plaintiff-stakeholder who is, or may be, exposed to multiple liability or multiple litigation, usually when two or more claims are brought that are mutually inconsistent." *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 631 (5th Cir. 2002). "The purpose of interpleader is to enable a plaintiff-stakeholder to avoid the burden of unnecessary ligation or the risk of loss by the establishment of multiple liability when only a single obligation is owning." *Id.* (internal citations omitted).

Although Patel's request to be discharged and dismissed is unopposed, the Court must determine its jurisdiction. *Jackson Nat'l Life Ins. Co. v. Hays*, No. 23-601-SDD-EWD, 2024 U.S. Dist. LEXIS 82853, at *6 (M.D. La. May 7, 2024). As noted above, 28 U.S.C. § 2410(a) provides that the United States may be named a party in an action of interpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien. The United States's tax liens on Drozd's property arise under 26 U.S.C. § 6321. *See* Notice of Removal at ¶ 3; Pl.'s Mot., Ex. C; Aff. of McGuire at ¶ 8. Thus, the Court has original federal question jurisdiction, and the matter is a proper "rule" interpleader action. *See Kinsey v. Am. Underwriters Life Ins. Co.*, No. 03-0627, 2008 U.S. Dist. LEXIS 94340, at *9 (W.D. La. June

24, 2008) (concluding that the matter was a proper "rule" interpleader action because it involved property on which the United States claimed a lien).

Courts possess broad discretion in interpleader actions. *Rhoades v. Casey*, 196 F.3d 592, 600–01 (5th Cir. 1999). A court analyzes an interpleader action in two stages. *Id.* at 600. First, the court decides whether the requirements for interpleader have been met by determining whether the stakeholder has established that there is a single fund at issue and that there are adverse claimants to that fund. *Id.* Second, if the requirements of an interpleader action are satisfied, the court must then determine the claimants' respective rights to the fund. *Id*. At this stage, the interests of the respective claimants are adverse and may be adjudicated by summary judgment if there are no genuine issues of material fact regarding which claimant is rightfully entitled to the fund. *Gen. Elec. Cap. Assurance v. Van Norman*, 209 F.Supp.2d 668, 670 (S.D. Tex. 2002). When genuine issues of material fact exist, each claimant bears the burden of providing his right to the fund by a preponderance of the evidence at trial. *Id.*

### 1. Satisfaction of Rule 22 Requirements

Federal Rule of Civil Procedure 22 provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22. Unlike a statutory interpleader action, an action commenced under Rule 22 does not require the stakeholder to interplead the funds into the Court's registry. *Cf.* 28 U.S.C. § 1335(a) *with* Fed. R. Civ. P. 22. Generally, when there is a single fund at issue and adverse claimants to that fund, the requirements of Rule 22 are satisfied. *Rhoades*, 196 F.3d at 600.

Here, it is uncontroverted that there is a single fund at issue: the $68,852.17 in excess funds from the sale of Drozd's property. Notice of Removal, Ex. 1 at ¶ 10; Pl.'s Mot., Ex. A at 1; Def.'s Mot. at 5. It is also uncontroverted that the claimants are adverse, as the United States,

Drozd, and K&D Masonry all have competing interests in the fund. *See* Notice of Removal, Ex. 1 at ¶ 11; Pl.'s Mot., Ex. C; Def.'s Mot. at ¶ 2. Finally, although not required under Rule 22, Patel immediately moved to deposit the excess funds, less attorney's fees and costs, into the Court's registry. *See* Notice of Removal, Ex. 1 at ¶ 18 ("Interpleader is prepared to make an unequivocal tender of the Excess Funds upon the Court's order"); Pl.'s Mot. at 7 (seeking to deposit $65,974.67 into the Court's registry). For these reasons, the undersigned finds that the Rule 22 interpleader requirements have been satisfied. Having made this determination, the Court will now consider whether Patel may be dismissed.

### 2. Dismissal of Patel as Stakeholder

The Court observes that the United States filed a response in support of Patel's motion. *See* Defs.' Resp. at 1 ("the Court should… relieve Interpleader Plaintiff from responsibility with respect to the excess funds… and dismiss Interpleader Plaintiff from this lawsuit"). As noted above, Defendants Drozd and K&D Masonry have not responded. Under Local Rule CV-7(D), if there is no response filed within the time period prescribed by the rules, the Court may grant the motion as unopposed. Local R. for W.D. Tex. CV-7(D)(2). That said, the Court will address the merits because dismissing a case other than on the merits of the claims is disfavored. *Mills v. Select Portfolio Servicing, Inc.*, No. A-19-CV-00359-LY-SH, 2019 U.S. Dist. LEXIS 149327, at *4 (W.D. Tex. Sept. 2, 2019). However, because Patel's assertions of fact are undisputed, there is no genuine issue of material fact, and the Court need only consider whether Patel is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

Although a factual dispute may exist as to the rightful ownership of the fund, that dispute does not preclude the granting of summary judgment in favor of the interpleader. *Underwriters Grp., Inc. v. Clear Creek Indep. Sch. Dist.*, No. G-05334, 2006 WL 18522545, at *5 (S.D. Tex.

June 30, 2006). It is the very nature of an interpleader action that two or more parties claim rights to certain money or property. *Id.* Once a court determines that the requirements for interpleader have been met, the court may discharge the plaintiff-stakeholder if the stakeholder is a disinterested party willing to tender the disputed funds. *Berry v. Banner Life Ins. Co.*, 718 F. App'x 259, 263 (5th Cir. 2018).

Here, there is no evidence that Patel is interested in the excess funds. Instead, upon receipt of the funds, Patel brought this interpleader action and moved to deposit the funds into the Court's registry. Notice of Removal, Ex. 1 at ¶ 18; Pl.'s Mot. at ¶ 7. Further, the United States agrees that Patel "should be relieved of responsibility for the excess funds and dismissed from this lawsuit." Def.'s Resp. at 2. Accordingly, there is no reason to keep Patel in a dispute solely between the claimants of the fund. *See Berry*, 718 F. App'x at 263 (holding that the district court did not err in dismissing the plaintiff-stakeholder, where the plaintiff-stakeholder was willing to tender the disputed funds and there were no pending claims against it). Thus, upon depositing the funds into the Court's registry, Patel should be dismissed.

### 3. Patel's Request for Attorney's Fees

"[W]hen an interpleader action is successful," generally, courts award costs and attorney's fees to the stakeholder. *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164 (5th Cir. 1976). Since the Court has found that Patel was entitled to interpleader relief and should be released from all further liability in connection with the excess funds, the Court treats Patel as a "successful" stakeholder. *See id.* Thus, the issue before the Court is whether, in its discretion, the amount of attorney's fees sought is reasonable, fair, and equitable. *Rhoades*, 196 F.3d at 603.

A district court has authority to award reasonable costs and attorney's fees to the disinterested stakeholder in rule interpleader actions. *Id*. An award of attorney's fees and costs to

a stakeholder, however, is not automatic. *See Gulf Oil Corp. v. Oliver*, 412 F.2d 938, 946 (5th Cir. 1969). "Fees may be awarded when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *New York Life Ins. & Annuity Corp. v. Cannatella*, 550 F. App'x 211, 217 (5th Cir. 2013) (internal quotation omitted). But when the amount of the funds interplead is less than the amount of the federal tax liens at issue, a stakeholder may not recover his attorney's fees. *See United States v. Hubbell*, 232 F.2d 197, 201 (5th Cir. 1963).

In his affidavit, Thomas L. Brackett, Managing Attorney at Barrett Daffin Frappier Turner & Engle, states that Patel incurred costs and fees in the amount of $2,877.50. Pl.'s Mot., Ex. D, Aff. of Bracket at ¶ 5. According to counsel, Patel incurred $587.50 in filing fees, $790.00 in service fees, and $1,500.00 in attorney's fees. *Id.* In its Response to Patel's Motion, the United States does not object to Patel's request for attorney's fees. Def.'s Resp. at 3. Instead, the United States argues that the attorney's fees are recoverable because its tax liens are for an amount less than the amount of the excess funds. *Id.* Although the United States does not oppose an award of attorney's fees and costs to Patel, any attorney's fees or costs must be reasonable. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

There is a well-established method for calculating attorney's fees. *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). Courts in the Fifth Circuit calculate the "lodestar," which is the product of the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly billing rate. *Watkins*, 7 F.3d at 457. "The fee is usually modest because all that is necessary is the preparation of a petition, the deposit in the court or posting of a bond, service on the claimants, and the preparation of an order

discharging the stakeholder." *Metro. Life Ins. Co. v. Valdepena*, No. SA-05-CA-140-XR, 2005 U.S. Dist. LEXIS 17454, at *10 (W.D. Tex. Aug. 17, 2005) (internal quotation omitted).

Patel seeks $1,500.00 in attorney's fees and $1,377.50 in filing and service fees, from the $68,852.17 to be deposited with the Court's registry. Pl.'s Mot. at 7; Ex. D, Aff. of Brackett at ¶ 5. Thus, Patel requests attorney's fees of less than 3% of the excess funds to be deposited. *See* Pl.'s Mot. at 7. Importantly, Patel is a disinterested stakeholder and is not in controversy with any of the claimants. *See Cannatella*, 550 F. App'x at 217. Further, the United States's tax liens on the foreclosed property are for an amount less than the excess funds. *See Hubbell*, 232 F.2d at 201. Accordingly, the Court should award Patel $2,877.50 in attorney's fees and costs. *See Allstate Assignment Co. v. Cevera*, No. 2:13-cv-096-AM-CW, 2014 WL 12496902, at *4 (W.D. Tex. Dec. 8, 2014), *report and recommendation adopted*, No. DR-13-CV-96-AM-CW, 2015 WL 1170561 (W.D. Tex. Mar. 23, 2015) (awarding $4,504.65 in a simple interpleader action involving only two claimants).

### B. The United States's Motion for Summary Judgment

After concluding that the interpleader action was properly brought, the Court proceeds to the second step of the analysis: determination of the claimants' respective rights to the fund. *Van Norman*, 209 F.Supp.2d at 670. In its Motion, the United States contends that it is entitled to summary judgment in its favor because the undisputed facts show that it is the only party entitled to the deposited funds. Def.'s Mot. at ¶ 5. The undersigned agrees.

As noted above, none of the parties filed a response to the United States's Motion or a motion requesting leave to file an untimely response. *Id.* Accordingly, the United States's assertions of fact are considered undisputed. Fed. R. Civ. P. 56(e)(2). Since the United States's

9

assertions of fact are undisputed, there is no genuine issue of material fact, and the Court must consider whether the United States is entitled to judgment as a matter of law. *See id.*

Here, the uncontested facts show that the United States is entitled to judgment as a matter of law. In March 2021, the IRS assessed Trust Fund Recovery Penalties against Drozd for his willful failure to collect and pay federal income and Federal Insurance Contributions Act taxes withheld from the wages of K&D Masonry's employees. Def.'s Mot. at ¶ 2. Under 26 U.S.C. § 6321, these penalties created liens against Drozd's property, including the excess funds from the foreclosure sale. *See United States v. Boardwalk Motor Sports, Ltd.*, 692 F.3d 378, 384 (5th Cir. 2012) ("The IRS can follow the proceeds wherever they can distinctly trace them."). As of August 14, 2024, the Trust Fund Recovery Penalties totaled $33,243.16. Def.'s Mot. at ¶ 2. Thus, the United States is entitled to $33,243.16 of the excess funds.

Additionally, a party who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted. *Midland Nat'l Life Ins. Co. v. Santana-Ayala*, No. 5:19-CV-00591-JKP, 2020 WL 33598, at *2 (W.D. Tex. Jan. 2, 2020) (internal quotation omitted). Here, Defendants Drozd and K&M Masonry forfeited their claims to the excess funds when they failed to answer the interpleader complaint. *See* Def.'s Mot. at ¶ 5. Thus, the United States, having timely answered the complaint, is the only claimant with present entitlement to the excess funds. *See id*. Accordingly, the United States is entitled to summary judgment in its favor.

## IV.  CONCLUSION

For the reasons outlined above, the undersigned **RECOMMENDS** that Patel's Motion for Summary Judgment (ECF No. 20) be **GRANTED,** and that Patel be required to deposit the excess funds, less attorney's fees and costs, into the Court's registry. The undersigned further

**RECOMMENDS** that the United States's Motion for Summary Judgment be **GRANTED,** and that final Judgment be entered in favor of the United States consistent with this Recommendation.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 30th day of September 2024.**

_____
**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**